**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRISHA CAPONE, | ) | CASE NO. SA CV 10-00525 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) ) | |

  This case comes down to a question of which doctor better can estimate the impact of Plaintiff's back problems. Finding that the Administrative Law Judge erred in preferring the estimate of the non-examining physician over that of Plaintiff's treating physician, the Court reverses and remands for further consideration.

  There is no dispute about Plaintiff's back problems, or about the extensive narcotic medication Plaintiff takes to mitigate her pain. With variations in emphasis, both the treating physician Dr. Groth and the non-examining physician Dr. Sinesa made allowance for Plaintiff's medication, and the Administrative Law Judge also stated that part of Plaintiff's impairment was an "opiod dependence." The real dispute is over Plaintiff's ability to sit or stand, and for what length of time.

  In letters to Plaintiff's counsel, treating physician Dr. Groth opined that Plaintiff could either sit or stand only for limited periods at any one time, sometimes as little as 15-30 minutes. The non-examining expert Dr. Sinesa, however, opined that

Plaintiff could sit or stand for four hours during a work day. [AR 38-39] The Administrative Law Judge adopted the opinion of the non-examining physician over that of the treating physician. [AR 15] Under the circumstances of this case, that was error.

A treating physician's opinion usually is preferred over that of other physicians, ones who examine and ones who merely review records, for the very reason that the treating relationship gives an opportunity for greater insight into the patient's status. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987); *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). This is perhaps nowhere more true than when dealing with back pain, which can affect different people to different degrees. A treating physician's opinion is entitled to controlling weight if it is supported by medically accepted diagnostic techniques and is not inconsistent with other medical evidence in the record. Even when it is not entitled to controlling weight, however, the opinion still is entitled to deference, and generally is preferred over that of a non-treating but examining physician, which in turn is preferred over that of a non-examining physician. To reject a treating physician's opinion under these circumstances, the Administrative Law Judge must provide specific and legitimate reasons supported by substantial evidence in the record. *Holohan v. Massanari*, 246 F.3d 1195, 1201-03 (9th Cir. 2001).

There is no reference in the record to an ability on Plaintiff's part to do what the nonexamining physician said she could do — sit or stand for four hours at a time. No treating or examining physician stated that she could do so, as the non-examining physician himself acknowledged. [AR 40-41] The Court thus examines the basis for rejecting the treating physician's opinion with the backdrop that the non-examining physician gave an opinion on Plaintiff's capacity without any other medical opinion to back it up.

The Administrative Law Judge said that the treating physician's opinion of Plaintiff's ability to sit and stand was belied by the fact that Plaintiff had traveled to Hawaii and New York without any difficulty. [AR 19] But this takes liberties with the evidence. The two trips were two and a half years apart, Hawaii coming in March 2005 [AR 354],

and New York in January 2008 [AR 875]; it's not as if Plaintiff was a frequent traveler, which might more readily lead to a conclusion that Plaintiff was able to tolerate a greater length of sitting than she testified to.  Moreover, one cannot assume that the trips themselves were made without effort; the record does not indicate whether, for example, Plaintiff shifted positions frequently, walked up and down the aisles, or fell asleep — or whether she, in fact, sat still in her seat for several hours.  Occasional travel does not gainsay the level of pain. *Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986).

The treating physician also gave a broader opinion, essentially that Plaintiff was incapable of working.  This the Administrative Law Judge rejected because it was unsupported by "the objective evidence" and inconsistent with his own treating records. [AR 19]  So long as a medically-supported diagnosis has been presented, however, the absence of "objective evidence" is not a proper basis for rejecting the treating physician's opinion.  *Bilby v. Schweiker,* 762 F.2d 716, 719 (9th Cir. 1985).  Nor, although he referenced the records, did the Administrative Law Judge identify which of the treating physician's records were inconsistent with the treating physician's opinion.  The Administrative Law Judge retains the ultimate decision on disability, but rejecting the treating physician's opinion requires more than he provided here.

Given these difficulties, the decision of the Commissioner cannot stand.  On the present record, there was not a sufficient justification for preferring the opinion of the non-examining physician over that of the treating physician.  Accordingly, the decision of the Commissioner is reversed, and the matter is remanded to the Commissioner for further proceedings not inconsistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED:   December 8, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE